OHIO ACADEMY OF CHIROPRACTIC PHYSICIANS, APPELLANT, *v.* STATE BOARD OF CHIROPRACTIC EXAMINERS, APPELLEE.

(No. 85AP-786—Decided June 3, 1986.)

*Basom & Hirsch* and *Bruce L. Hirsch,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* for appellee.

McCORMAC, J. Appellant, the Ohio Academy of Chiropractic Physicians, requested that appellee, the State Board of Chiropractic Examiners ("board"), approve for license renewal a continuing educational program to be conducted in Columbia, South America. The board denied the request solely because the educational program was to be conducted outside the state of Ohio. Upon appeal, the Franklin County Court of Common Pleas affirmed the order of the board. Appellant has appealed that judgment, asserting the following assignments of error:

"I. The trial court erred in its interpretation of Ohio Revised Code, Section 4734.07, as requiring each Ohio chiropractor to attend a two-day educational program *conducted only in Ohio* to obtain license renewal in Ohio.

"II. The trial court's interpretation of Ohio Revised Code, Section 4734.07, results in an unreasonable infringement upon the constitutional rights of Appellant to freedom of speech and freedom of association as guaranteed by the First Amendment to the United States Constitution and by Article I, Section [2], of the Ohio Constitution.

"III. The trial court's interpretation of Ohio Revised Code, Section 4734.07, results in an unreasonable infringement upon the substantive due process rights of Appellant as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 16, of the Ohio Constitution.

"IV. The trial court's interpretation of Ohio Revised Code, Section 4734.07, results in an unreasonable infringement upon the equal protection of law rights of Appellant as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 2, of the Ohio Constitution."

Appellant first argues that the board's interpretation of R.C. 4734.07, as calling for board approval only of chiropractic educational programs conducted in the state of Ohio, is erroneous.

Former R.C. 4734.07 provided, as follows:

"Every person who receives a license to practice chiropractic from the chiropractic examining board shall thereafter pay a renewal fee of one hundred fifty dollars to the board on or before the first day of January of each succeeding year. Before a renewal of license is issued by the board, each licensee shall furnish the board with satisfactory evidence that *he has attended not less than one two-day educational program conducted in Ohio by the Ohio state chiropractic association or the equivalent of such educational program held in the state as approved by the * * * board.* Any exception from the requirement for attendance at such educational programs may be approved by the board. The secretary of the board shall, at least sixty days prior to the first day of January of each year, notify each licensee, at his last known address, of the provisions of this section. Failure of a licensee to comply with this section, and failure to pay the renewal fee on or before the first day of January of each

succeeding year shall operate as a forfeiture of the right of the licensee to practice his profession in this state. He may be reinstated by the board upon payment of all fees due and a penalty fee of one hundred fifty dollars for reinstatement, in addition to satisfying the board of his compliance with the educational requirements under this section." (Emphasis added. Italicized language identical to current R.C. 4734.07, amended effective December 12, 1986 in 141 Ohio Laws ____.)

The first issue involved in the interpretation of R.C. 4734.07 is whether the language "or the equivalent of such educational program held in the state" as approved by the board pertains only to other educational programs held in Ohio, or whether it also includes an equivalent program held elsewhere. The board concluded, in essence, that "held in the state" modified "equivalent" rather than "such educational program," and that therefore the meaning of the language "as approved by the board" was limited to equivalent educational programs held in Ohio. That interpretation, which was approved by the court of common pleas, is reasonable. The words "held in the state" following the equivalent of such educational program would be superfluous if the General Assembly had intended that the equivalent of an Ohio program conducted by the Ohio Chiropractic Association could be conducted anywhere. Thus, the General Assembly seemed to be limiting approved programs to Ohio, but not to those conducted by the Ohio State Chiropractic Association.

While a grammatical argument can be made that the words "such educational program held in the state" further describe programs conducted in Ohio by the Ohio State Chiropractic Association rather than defining where an equivalent program must be conducted, that interpretation is not the only reasonable interpretation, as the statute

is ambiguous in this respect. The board, in its administrative rule, Ohio Adm. Code 4734-1-14(A), has interpreted the language to refer only to educational programs conducted in Ohio. R.C. 1.49(F) provides that, if a statute is ambiguous, the court in determining the intention of the legislature may consider "[t]he administrative construction of the statute."

Appellant secondly argues that the sentence of R.C. 4734.07, which provides that "[a]ny exception from the requirement for attendance at such educational programs may be approved by the board," gives the board discretionary authority to approve seminars conducted outside Ohio to satisfy the licensing requirement. Appellant cites Ohio Adm. Code 4734-1-14(I) as evidence of the board's admission of discretionary authority to approve out-of-state educational programs for Ohio license-renewal purposes. Ohio Adm. Code 4734-1-14(I) reads as follows:

"(I) Ohio licensees residing out of the state of Ohio may satisfy license renewal requirements in the above manner or by attending out-of-state educational seminars approved by this board, or by presenting to the board a certificate from the board of examiners of the state wherein they reside that they have met the twelve-hour educational requirements."

The issue is whether the discretionary authority to grant an exception from the requirement for attendance at an educational program held in Ohio includes a duty on the board to consider for approval educational programs held outside the state, without respect to individual reasons for requesting an exception, either by virtue of attendance at a substitute program held outside the state, or by being excused from the requirement entirely. It is our opinion that this exception does not require the board to evaluate and approve programs held outside Ohio on a program basis without an adequate basis why the relatively minimal educational requirement cannot be fulfilled in Ohio as is generally contemplated. Out-of-state residents are given what is in essence a group hardship exemption from attending an Ohio program. Recognition of approval of programs for that limited and apparent reason does not impose a duty on the board to grant advance approval of programs outside Ohio on a blanket basis.

The first assignment of error is overruled.

In assignments of error two, three, and four, appellant asserts three separate reasons why it is claimed that the trial court's interpretation of R.C. 4734.07 is violative of provisions of the United States and Ohio Constitutions.

The first assertion is that R.C. 4734.07, as interpreted, is violative of appellant's First Amendment rights of freedom of speech and freedom of association. The trial court responded to this argument by stating that appellant and its members are not restricted in their right to speak, associate, or travel, but that they are free to do so as they wish. We agree with that analysis. R.C. 4734.07 does not require appellant to obtain a license or permit to conduct an educational program nor does it purport to regulate the content of the program. Appellant may sponsor as many programs as it wishes. If the seminar is conducted in Ohio, it may be approved by the board for license-renewal purposes. As found by the lower court, there are legitimate state interests to be fostered in requiring, as R.C. 4734.07 does, that seminars be held within Ohio in order to qualify as approved seminars for the rather minimal license-renewal requirement of twelve-hours continuing professional education. Conducting seminars in Ohio allows all Ohio licensed chiropractors the opportunity to attend educational programs within a reasonable traveling distance from their offices. It also enables board members to

monitor the seminars more easily. It is reasonable to assume that attendance will be enhanced for Ohio programs, thus enabling presentment of better quality programs.

The case of *Fowler* v. *Board of Registration in Chiropody* (1965), 374 Mich. 254, 132 N.W. 2d 82, is distinguishable. The board rule in that case was found to be unconstitutional because of the requirement to include a particular speaker at each seminar, which requirement was held to infringe on the content of speech at the seminar. The only regulation here is the location of the seminar for advance approval by the board for satisfaction of license-renewal requirements by Ohio chiropractors.

Appellant secondly argues that the requirement of R.C. 4734.07, that Ohio chiropractors obtain twelve-hours continuing professional education conducted in Ohio, violates appellant's substantive due process rights.

There is no question but that the continuing professional education of Ohio licensed chiropractors constitutes a legitimate state interest reasonably related to the welfare, safety, and health of Ohio citizens and, thus, that it is subject to state regulation. R.C. 4734.07 purports to regulate the license renewal of Ohio chiropractors for that purpose. The test for the validity of a statute based upon regulation in the interest of the people's welfare, safety, and health is whether the provision has a reasonable relation to this interest and is not arbitrary, discriminate, or whimsical in its application to this objective. See *American Cancer Society, Inc.* v. *Dayton* (1953), 160 Ohio St. 114, at 122-123, 51 O.O. 32, at 36, 114 N.E. 2d 219, at 224. There is a legitimate interest related to this objective to ensure that continuing professional education programs which qualify for license renewal are valid educational seminars. Thus, there is a legitimate state interest

in requiring the board to approve seminars. It is also reasonable to assume that the board can better monitor seminars held within Ohio than seminars held outside Ohio to ensure that quality education is conducted. It is not arbitrary, indiscriminate, or whimsical to limit approval of seminars for the minimal twelve-hour educational training required for relicensing of Ohio chiropractors to seminars held in Ohio.

Appellant thirdly contends that the trial court's interpretation of R.C. 4734.07 results in an unreasonable infringement upon the equal protection of law rights of appellant. First, appellant argues that there is discrimination between Ohio licensed chiropractors who are residents of Ohio and Ohio licensed chiropractors who are not residents, in that the Ohio residents must attend an educational program in Ohio for license-renewal purposes while the non-resident may attend an approved program elsewhere. The proper test to apply to determine whether this alleged discrimination is unconstitutional is whether the classification bears a reasonable relationship to some legitimate state purpose. If it does bear such reasonable relationship, the classification is valid. R.C. Chapter 4734 created a chiropractic examiner's board consisting almost entirely of chiropractors to closely monitor the quality of education received by chiropractic physicians. Within such duties, the board is required to monitor each seminar to ensure that chiropractors receive quality continuing education in their seminars. Obviously, as found by the trial court, it is more difficult and expensive for the board to regulate the quality or content of seminars conducted outside Ohio. It is true that the board's rules permit approval of programs outside Ohio for non-resident chiropractors where the board will probably need to rely upon sources other than individual monitoring in order to ensure the quality of the pro-

grams. However, the legislation is mainly concerned with the quality of chiropractic treatment rendered to Ohio residents who will primarily, if not exclusively, receive their treatment from chiropractors located in Ohio.

Appellant also argues that there is a violation of equal protection because R.C. 4734.07 imposes a continuing educational requirement upon Ohio chiropractors which is not applied to other health care professionals in Ohio. However, optometrists, pharmacists, doctors of medicine and doctors of osteopathic medicine are in different classes than chiropractors. The practice of regulatory agencies in regard to continuing education in other health care professions is irrelevant. The General Assembly evidently felt that the practice of chiropractic medicine was not as well-established as other health professions and that more supervision was required than in more recognized health professions. It is not the province of the court to interfere with that determination.

Finally, although it may be irrelevant and of scant comfort to appellant, Ohio judges are required by the Supreme Court of Ohio to participate in mandatory continuing legal education programs in order to avoid discipline or possible removal from office. This requirement exists, although other members of the bar are not required to participate in mandatory continuing legal education. Furthermore, Ohio judges are required as part of their required minimum twenty hours of classroom instruction each year to attend at least one continuing legal education course offered by the Ohio Judicial College, all of which programs are held in Ohio. See Gov. Jud. R. IV, adopted January 1, 1981 by the Ohio Supreme Court. Thus, Ohio judges are required to attend twenty hours of continuing legal education programs each year, although members of the bar are otherwise not required to complete any continuing legal education and, as part of the required twenty hours of classroom instruction, to attend at least one continuing legal education course offered by the Ohio Judicial College in Ohio. This rule has been adopted by the Ohio Supreme Court presumably after considering the constitutional implications of its rule and finding no impediment thereto.

Appellant's second, third, and fourth assignments of error are overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MITROVICH, J., concurs.

WHITESIDE, J., dissents.

MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., dissenting. Being unable to concur in the majority's disposition of the first assignment of error and in its interpretation of R.C. 4734.07, I must respectfully dissent.

By a somewhat strained interpretation of the pertinent statutory language, the majority has created a nonexistent ambiguity in the language of the section and has resolved it in part by inaccurately construing the rules adopted by the State Board of Chiropractic Examiners implementing the statutory educational requirement.

The pertinent provision of former R.C. 4734.07 read as follows:

"* * * Before a renewal of license is issued by the board, each licensee shall furnish the board with satisfactory evidence that he has attended not less than one two-day educational program conducted in Ohio by the Ohio state chiropractic association or the

equivalent of such educational program held in the state as approved by the * * * board. * * *''

By its strained interpretation, the majority has concluded that the words "held in the state" modify the word "equivalent," rather than utilizing the plain meaning of the statutory provision and applying the grammatical rule of the last antecedent, making it clear that the words "held in the state" modify the word "program."

The effect of the majority decision is to give no effect whatsoever to the words "of such," and in effect to remove them from the statute so that it would read "the equivalent educational program held in the state." The legislature, however, for whatever reason, determined to include the words "of such" in the statute, and the inclusion of such words modifies the meaning of the provision so as not to require that an equivalent program be conducted in the state of Ohio but, instead, to require only that an educational program be "the equivalent of such educational program held in the state." Clearly, the word "such" refers back to the statutorily required "two-day educational program conducted in Ohio by the Ohio state chiropractic association." Thus, the plain meaning of the statute is that an educational program to be approved must be the equivalent of the two-day educational program conducted in Ohio by the Ohio State Chiropractic Association.

In reaching its strained interpretation, the majority states that, by Ohio Adm. Code 4734-1-14(A), the board has interpreted the equivalency language to refer only to educational programs conducted in Ohio. Not only is this an incorrect interpretation of Ohio Adm. Code 4734-1-14(A), but the board, by Ohio Adm. Code 4734-1-14(B) and (I), has recognized that the educational program need not necessarily be conducted in Ohio to meet the equivalency require-

ment. Ohio Adm. Code 4734-1-14(A) provides that:

"Educational seminars conducted in Ohio for the purposes of meeting the annual license renewal educational requirements must have prior approval of the Ohio state board of chiropractic examiners ('board'). * * *''

There is nothing in this section indicating that equivalent seminars must be conducted in Ohio. Instead, that provision of the rule refers only to seminars which are conducted in Ohio without limitation or reference to those not conducted in Ohio. The next provision of the section, however, does recognize the conducting of educational programs outside Ohio by the provisions of Ohio Adm. Code 4734-1-14(B) that:

"Chiropractic license renewal seminars shall be conducted by, or under the auspices of, a school or college of chiropractic whose graduates are approved by the board for examination for licensure in this state. Seminar instructors shall be faculty members of the sponsoring college or diplomates approved by said college qualified to teach in the subject in which they are instructing. * * *''

Presumably, the board approval of graduates is not limited to a school or college of chiropractic located in Ohio, and graduates of schools or colleges outside Ohio are approved by the board for examination for licensure in this state. Thus, by this rule, the board has recognized that seminars may be conducted outside Ohio, so long as they are conducted by or under the auspices of a school or college of chiropractic, whose graduates are approved by the board for examination for licensure in this state. Such provision cannot apply to the statutorily mandated seminar in Ohio since the statute expressly provides that that seminar will be "conducted in Ohio by the Ohio state chiropractic association," not by a school or college of chiropractic whose graduates are ap-

proved by the board for examination for licensure in this state.

Ohio Adm. Code 4734-1-14(C) and (D) pertain to the content of a seminar and the application for approval. However, Ohio Adm. Code 4734-1-14(E) provides that:

"The approval of a seminar by the 'Council on Chiropractic Education' shall be considered *prima facie* evidence that the seminar satisfies the standards for seminar approval set forth in this rule but shall not be considered conclusive."

Ohio Adm. Code 4734-1-14(F) permits approval of seminars in other health science fields but, again, makes no limitation to the place where the seminar is conducted and specifically does not require that the seminar be conducted in Ohio.

By Ohio Adm. Code 4734-1-14(I), the board expressly recognizes that approved educational seminars may be conducted outside Ohio by providing that:

"Ohio licensees residing out of the state of Ohio may satisfy license renewal requirements in the above manner or by attending *out-of-state educational seminars approved by this board,* or by presenting to the board a certificate from the board of examiners of the state wherein they reside that they have met the twelve-hour educational requirements." (Emphasis added.)

By this rule, the board has expressly recognized that it will approve out-of-state educational seminars. The majority apparently construes the words "out-of-state educational seminars approved by this board" as referring only to seminars attended by licensees residing outside the state of Ohio, stating: "Out-of-state residents are given what is in essence a group hardship exemption from attending an Ohio program." However, the provision does not limit the out-of-state seminars attended by out-of-state licensees to seminars conducted in their home state, rather than Ohio, but permits them to attend out-of-state seminars anywhere if they be approved by the board. Thus, a licensee residing in Indiana could attend a board-approved educational seminar in California, rather than one in Ohio, but, under the majority's interpretation, an Ohio resident could not. This would hardly constitute a hardship exemption for the licensee residing outside this state.

Instead, the majority's construction of the reference to the rule language "out-of-state educational seminars approved by this board" would give credence to the fourth assignment of error that Ohio licensees are being denied equal protection rights, as opposed to licensees residing out of Ohio. Under such interpretation, a licensee residing in Ohio would be required to attend an educational seminar conducted in Ohio, while a licensee residing in another state would be permitted to attend an educational seminar held anywhere so long as the seminar was approved by the board.

Additionally, even assuming that the majority interpretation be correct, the board should not have disapproved the seminar but, instead, should have considered approval thereof only with respect to attendance by licensees residing outside Ohio.

Furthermore, the record reflects that the State Board of Chiropractic Examiners in its adjudication order, which is the subject of his appeal, did not even consider the equivalency provision of R.C. 4734.07 or the effect of its own rules. Rather, the conclusion of law portion of the adjudication order states in its entirety:

"The request for approval of a license renewal seminar to be conducted in South America for meeting the educational requirements for those licensees practicing in Ohio is not in compliance with the provisions of Section 4734.07 of the Revised Code. Section 4734.07 of the Revised Code states in part: '* * *

Before a renewal of license is issued by the Board, each licensee shall furnish the Board with satisfactory evidence that he has attended not less than one two-day educational program conducted in Ohio * * *.' ''

Thus, the board neither considered nor administratively construed the meaning of the additional words "or the equivalent of such educational program held in the state as approved by the board." Instead, the board relied solely upon the first portion of the statutory requirement referring to a "two-day educational program conducted in Ohio," without even recognizing the additional qualifying language "by the Ohio state chiropractic association," much less considering or administratively construing the provision for approving equivalent programs. In short, the board has made no administrative determination that an equivalent educational program must be held in this state either by the adjudication order or by its rules. Rather, the board completely ignored the statutory provision for approval of equivalent programs.

Accordingly, I conclude that the statutory language "the equivalent of such educational program held in the state" does not limit the board's approval to educational programs held in this state but, rather, permits an educational program to be held anywhere, so long as it is the equivalent of the two-day educational program conducted in Ohio by the Ohio State Chiropractic Association and is approved by the State Chiropractic Examining Board. The rules adopted by the board recognize this to be the case but do indicate that such an educational program must be conducted by or under the auspices of a school or college of chiropractic whose graduates are accepted for licensure in Ohio. Since the board failed to consider the language of R.C. 4734.07 pertaining to equivalent educational programs and since the plain meaning of R.C. 4734.07 does not require such equivalent educational programs to be conducted in Ohio, the trial court erred in so construing R.C. 4734.07.

Additionally, as noted above, such construction would be unfair to licensees residing in Ohio since, by express provision of the board rules, as interpreted by the majority, licensees residing outside Ohio are permitted to attend educational seminars approved by the board regardless of where the seminar is conducted.

Accordingly, I would sustain the first assignment of error but would overrule the second, third and fourth assignments of error since the proper interpretation of R.C. 4734.07 does not result in any violation of constitutional rights as contended.

Accordingly, I would sustain the first assignment of error, overrule the remaining assignments of error, reverse the judgment of the court of common pleas and remand this cause to the court with instructions to reverse the adjudication order of the State Board of Chiropractic Examiners and remand the matter to that board for determination of whether the educational seminar otherwise meets the statutory and rule requirements.