The Honorable Jack McCoy State Representative 712 McNeil Street Malvern, Arkansas 72104
Dear Representative McCoy:
This is in response to your request for an opinion on whether the Arkansas Board of Chiropractic Examiners, by administrative rule or regulation, has the authority to require that the continuing education necessary for annual renewal of a chiropractor's license include instruction on the Arkansas laws which are applicable to chiropractors or which may affect the practice of chiropractic in the state.
It is my opinion that the answer to your question is generally "no."
Section 17-81-312 of the Arkansas Code requires licensed chiropractors, in order to renew their licenses, to attend each year, twenty-four hours of an educational session conducted by "an approved chiropractic institution of learning," or by "some association approved by the board for the teaching of scientific courses pertaining to the profession." A.C.A. § 17-81-312 (a)(1). The licensees must fulfill these requirements or attend an educational course conducted by the board. A.C.A. § 17-81-312
(a)(2). Your question is whether the Board can require that these educational sessions, presumably each or all of them, include instruction on the Arkansas laws relating to the practice of chiropractic.
The former Attorney General issued an opinion on a similar question in May of 1990. See Op. Att'y. Gen. No. 90-143, copy enclosed. The question at issue in that opinion was whether the Board could require that twelve of the required twenty-four hours of chiropractic continuing education be obtained in Arkansas. The answer was "no," because such a requirement would in all likelihood offend the commerce clause of the United States Constitution. Absent any legitimate local interest in discriminating against out-of-state chiropractic educational providers, the opinion stated, the requirement would be invalid under the commerce clause as "simple economic protectionism" of the in-state providers. It was stated in Opinion 90-143 that no conceivable legitimate local interest could be theorized in requiring half of the education to occur in Arkansas, as the actual subject of the practice of chiropractic (the spine, and other body structures) did not differ markedly from state to state.
It is my opinion that requiring chiropractic continuing education to contain instruction regarding the laws of Arkansas would, for all practical purposes exclude out-of-state providers from engaging in this type of "commerce" with Arkansas licensed chiropractors. Absent a legitimate local interest in requiring this information through the continuing education process, it will be struck down, in my opinion, as an attempt to do indirectly what the Board is prohibited, under the commerce clause, from doing directly. See Pike v. Bruce Church,397 U.S. 137 (1970), and Opinion No. 90-143. Absent a local legitimate interest, the rule would amount to "simple economic protectionism" which is subject to a virtual "per se rule of invalidity," Philadelphia v. New Jersey, 437 U.S. 617 (1978).
Although there may be a legitimate local interest in having licensed Arkansas chiropractors obtain information concerning Arkansas requirements surrounding their practice, it is my opinion that the statutes contemplate that this type of instruction is to be given, if at all, under the "orientation class" for new licensees which is authorized to be conducted by the Board at A.C.A. § 17-81-310. The continuing education requirements of A.C.A. § 17-81-312 appear to require instruction in "scientific" courses (see A.C.A. § 17-81-312(a)(1)), which would include instruction in the basic science and art of chiropractic, and not extraneous matters which vary from state to state. This being the case, there would appear to be no legitimate local interest to be advanced in effectively requiring licensed chiropractors to fulfill their continuing education requirements within the state.[1] As stated in Opinion No.90-143, the actual practice of chiropractic, and the subject matter of that healing art, does not vary from state to state. Even if there were a legitimate local interest in requiring instruction on these Arkansas matters, it would not appear that it would outweigh the virtually total restriction on interstate commerce as to these courses, which would result.[2] SeePike v. Bruce Church, supra. Additionally, it would appear that this interest, if any, could be effectuated by an avenue which would have a much lesser impact on interstate commerce.Id.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] The case of Ohio Academy of Chiropractic Physicians v.State Board of Chiropractic Examiners, 31 Ohio App.3d 75,508 N.E.2d 1013 (1986) does not stand as contrary authority. Even though the Ohio Court of Appeals found a legitimate interest in requiring the programs to be conducted within the state, the commerce clause of the United State Constitution was not raised or addressed by that decision, and thus no "balancing test" was applied. The court merely held that the requirement was not "arbitrary, discriminate, or whimsical." 508 N.E.2d at 1017.
[2] Your question appears to contemplate a rule which would require all continuing education courses to include Arkansas information. To the extent the rule requires only a portion of such courses to include this instruction, the burden on interstate commerce would be lessened, and the balancing test under commerce clauses analysis would be more nearly met. Any determination in this regard, however, would require review of a particular rule to this effect.